UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELVIN G. TUNSTILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00773-SEB-TAB |
| | ) | |
| CHRISTOPHE LE CAILLEC CFO of American Express Co., | ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Self-represented Plaintiff Melvin G. Tunstill ("Mr. Tunstill") filed this lawsuit against Defendants Christophe Le Caillec and American Express National Bank (collectively "American Express") on April 22, 2025. Dkt. 1. In the operative pleading, Mr. Tunstill alleges that American Express violated the Equal Credit Opportunity Act (the "ECOA"), 15 U.S.C. § 1691 *et seq.*, and breached its contractual and fiduciary duties that it owed to him. Dkt. 32.[1] Now before the Court is American Express's Motion to Dismiss the Amended Complaint, filed on December 1, 2025. Dkt. 35. For the reasons stated below, that motion shall be **GRANTED**.

---

[1] Attached as exhibits to Mr. Tunstill's initial complaint were various documents central to his contract claim. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Amended Complaint, which "supersedes the prior pleading," did not include these exhibits, however. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Insofar as our review of the Amended Complaint's sufficiency might otherwise be limited by this omission, American Express contends (and Mr. Tunstill does not dispute) that the originally-attached exhibits are central to and thus comprise part of the pleadings.

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). A claim becomes facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, courts must construe "all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). However, courts need not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

**BACKGROUND**

The factual basis of Mr. Tunstill's claims is alleged as follows: In July 2024, Mr. Tunstill applied for an American Express Platinum Card, which application American Express subsequently denied (allegedly) "without [a] lawful basis" for doing so. Dkt. 32 at 1. Mr. Tunstill asserts that American Express "implicitly enter[ed] into a preliminary contractual and fiduciary relationship" with him by reviewing and processing his credit card application. *Id.* According to Mr. Tunstill, American Express breached its contractual and fiduciary obligations and discriminated against him when it denied his credit application. *Id.* at 2.

As noted above, Mr. Tunstill initiated this litigation in April 2025. Dkt. 1. On November 4, 2025, American Express filed its first motion to dismiss. Dkt. 27. Shortly

2

thereafter, on November 9, 2025, Mr. Tunstill filed the Amended Complaint, a "Motion for Judicial Notice of Conditional Acceptance Affidavit," and a response in opposition to dismissal. Dkt. 32, 33, 34. American Express's first motion to dismiss and Mr. Tunstill's motion for judicial notice remain pending.

On December 1, 2025, American Express filed a second motion to dismiss, this time asserting that the Amended Complaint fails to state a claim upon which relief can be granted. Dkt. 35. Mr. Tunstill has filed no response, and the time for doing so has long since passed. American Express's (second) Motion to Dismiss is therefore ripe for ruling. *See Curtis v. Bembenek*, 48 F.3d 281, 287–88 (7th Cir. 1995) (a district court need not forewarn *pro se* plaintiff "about the potential consequences of failing to respond to a motion to dismiss," including when such motion is dispositive).

## DISCUSSION

Having carefully reviewed the parties' submissions, we conclude that the Amended Complaint entirely fails to state a claim for which relief can be granted. First, Mr. Tunstill has failed to allege sufficient facts to support a viable cause of action under the ECOA, which "bans discrimination against any applicant, with respect to any aspect of a credit transaction, on the basis of" a protected characteristic. *Walton v. First Merchants Bank*, 772 F. App'x 349, 350 (7th Cir. 2019) (citing 15 U.S.C. § 1691(a)). To state an ECOA discrimination claim, a plaintiff must plausibly allege "that the problems she encountered resulted from [prohibited] discrimination." *Id*. Here, Mr. Tunstill alleges no facts revealing his protected characteristic, much less that his credit card application was rejected *because of* such characteristic. At bottom, Mr. Tunstill's barebones and conclusory averment that

3

American Express "exhibit[ed] discriminatory and prejudicial treatment" against him in denying his credit application falls short of stating a plausible claim for relief. *See id.* (concluding that "bare statements that . . . alleged customer-service failures were 'clear' discrimination" failed to support ECOA discrimination claim) (citing *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 886 (7th Cir. 2012) ("The assertion is merely a conclusion, unsupported by the necessary *factual* allegations to support a reasonable inference of discriminatory intent.")). Mr. Tunstill's ECOA claim shall be **dismissed** accordingly.

Having dismissed the ECOA claim over which we have original federal question jurisdiction, we turn to Mr. Tunstill's state law claims over which we have supplemental jurisdiction.[2] Mr. Tunstill's contract and fiduciary duty claims share the same factual predicate: to wit, that American Express "implicitly enter[ed] into a preliminary contractual and fiduciary relationship" by reviewing his credit application. Dkt. 32 at 1. No liberal construction of Mr. Tunstill's Amended Complaint gives rise to an inference that a valid contractual and/or fiduciary relationship existed between the parties based solely on Mr. Tunstill's submission of an application for an American Express credit card. Nor does the Amended Complaint reveal the alleged contract's essential terms or the nature of the alleged relationship giving rise to American Express's fiduciary duties. We therefore have little trouble concluding that Mr. Tunstill has failed to state a claim for breach of contract

---

[2] We may retain supplemental jurisdiction over state law claims where, as here, such "claims can be decided in only one way." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251–52 (7th Cir. 1994) (federal retention of state-law claims is proper "when it is absolutely clear how the pendent claims can be decided," such as "when the state-law claims are patently frivolous").

and/or breach of fiduciary duty. Mr. Tunstill's state-law claims shall be **dismissed** accordingly.

On one final note, we caution Mr. Tunstill about his apparent reliance on legal theories bearing a significant resemblance to those associated with the "sovereign citizen" movement, which courts in this circuit and beyond have unanimously regarded as frivolous. *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748 (7th Cir. 2013); *McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555 (7th Cir. 2015); *see, e.g.*, *Grayson v. Le Caillec*, No. 3:24-CV-01082-AR, 2024 WL 3430499, at *2–3 (D. Or. July 16, 2024) (concluding that similar factual allegations could not support ECOA claim or related state law contract claim). Repeated attempts by litigants to press legally frivolous claims in federal court could result in the imposition of sanctions, including monetary penalties and/or filing restrictions. *See* Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons stated above, American Express's Motion to Dismiss the Amended Complaint is hereby **GRANTED**. Dkt. 35. The Amended Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. All remaining motions are hereby **DENIED as moot**.

Mr. Tunstill shall have **TWENTY-EIGHT (28) DAYS** from the date of this order in which to **SHOW CAUSE** why final judgment should not enter. Failure to show cause

will result in the entry of final judgment without further warning.

IT IS SO ORDERED.


Date:

5/15/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

MELVIN G. TUNSTILL
1577 Claireridge Court
Avon, IN 46123-8075

Dana E. Becker
Morgan, Lewis & Bockius LLP
dana.becker@morganlewis.com

Brian Charles Frontino
Morgan, Lewis & Bockius LLP
brian.frontino@morganlewis.com

Keisha Sapphire Holgate
Morgan, Lewis & Bockius LLP
keisha.holgate@morganlewis.com